UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HOLLY GRACE CERRUTI,**

      **Plaintiff,**

v.                                                   Case No:   6:13-cv-1273-Orl-GJK

**COMMISSIONER OF SOCIAL
SECURITY and SSA,**

      **Defendants.**

## MEMORANDUM OF DECISION

Holly Grace Cerruti (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB").  Doc. No. 1.[1]  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) assigning the opinions of Dr. Edwin Chan and Dr. James Shea little weight; and 2) finding her testimony concerning her pain and limitations not credible.  Doc. No. 12 at 9-17.  Claimant argues that the matter should be reversed for an award of benefits, or, in the alternative, remanded for further proceedings.  *Id*. at 17.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**      **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant

---

[1] Claimant alleged disability beginning on November 20, 2009.  R. 19.  Claimant last met the insured status requirements of the Social Security Act on September 30, 2014.  R. 21.

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS.

### A. Dr. Chan.

Claimant challenges the ALJ's decision to assign little weight to Dr. Chan's May 3, 2012 RFC assessment. Doc. No. 12 at 9-12. Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a

statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41). Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

Dr. Chan has treated Claimant on a regular basis since April 28, 2010 (R. 382-401, 403-07, 433-38), and thus qualifies as a treating physician. *See* 20 C.F.R. § 404.1502. On May 3, 2012, Dr. Chan completed a "Multiple Impairment Questionnaire" (the "Assessment"). R. 420-27. In the Assessment, Dr. Chan indicated that he diagnosed Claimant with degenerative disc disease, carpal tunnel syndrome, osteoarthritis, hypertension, and hyperlipidemia. R. 420. Dr. Chan indicated that these diagnoses were supported by clinical findings of limited range of motion,

weakness, and pain on examination of Claimant's wrist, knees, neck, and back, as well as MRI results showing degenerative disc disease and herniated discs (R. 370-71), and electromyography results showing varying levels of radiculopathy at several points throughout Claimant's spine (R. 298).  R. 420-21.

In the Assessment, Dr. Chan offered the following opinions concerning Claimant's functional limitations, stating that his opinions concerning Claimant's functional limitations are "reasonably consistent" with the physical impairments described in the preceding paragraph.  R. 421, 426.  Dr. Chan opined that Claimant can sit for 2-3 hours and stand/walk for 2-3 hours in an eight (8) hour workday, and will need to "get up and move around" every thirty (30) minutes to an hour.  R. 422.  Dr. Chan opined that Claimant can occasionally lift and carry ten (10) pounds, but never lift or carry more than ten (10) pounds.  R. 423.  Dr. Chan opined that Claimant has moderate limitations in fingering, handling, and reaching with both arms.  R. 424.  Dr. Chan opined that Claimant should never push, pull, kneel, bend, or stoop.  R. 426.  Dr. Chan opined that Claimant's pain and fatigue will frequently interfere with her attention and concentration, and that she is capable of performing low stress jobs.  R. 425.  Dr. Chan opined that Claimant is not a malingerer.  *Id*.

At step two of the sequential evaluation process, the ALJ found that Claimant suffers from a severe impairment of degenerative disc disease.  R. 21.  At step four of the sequential evaluation process, the ALJ determined that Claimant has a RFC to perform "light work as defined in 20 CFR 404.1567(b) except only frequent overhead reaching and pushing and pulling bilaterally with the upper extremities, only occasional postural activities, and no climbing ladders, ropes, or scaffolds."  R. 22.[2]  In reaching this RFC, the ALJ considered Dr. Chan's Assessment.  R. 24-5.

---

[2] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires

The ALJ assigned Dr. Chan's Assessment "little weight because he <u>appears</u> to concentrate the analysis more upon the claimant's complaints of pain and desire to not work rather than the medical evidence." R. 25 (emphasis added). The ALJ's opinion contains no explanation justifying the appearance the ALJ perceived, nor any citation to record evidence from which support for such an appearance can be gleaned. *Id*.

Claimant maintains the ALJ did not articulate good cause to assign Dr. Chan's opinions less than substantial or considerable weight. Doc. No. 12 at 11-12. Specifically, Claimant maintains that Dr. Chan's opinions were consistent with the clinical findings and diagnostic evidence he identified in the Assessment, and thus the ALJ's sole reason for assigning little weight to the Assessment is not supported by substantial evidence. *Id*. at 11. In response, the Commissioner argues that the "ALJ provided good reasons, supported by substantial evidence, for discounting the opinions contained in [the Assessment]." Doc. No. 13 at 9. In so arguing, the Commissioner attempts to provide the explanation that is lacking from the ALJ's decision by highlighting portions of Plaintiff's testimony and Dr. Chan's clinical findings that she maintains are inconsistent with Dr. Chan's Assessment. *Id*. at 9-11. The Court, however, will not affirm the Commissioner's decision based on such post hoc rationalization. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1514-16 (11th Cir. 1984)).[3]

The ALJ's sole reason for assigning Dr. Chan's Assessment little weight – i.e., his apparent

---

a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

[3] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

focus on Claimant's complaints of pain and desire to not work rather than the medical evidence – is conclusory and not supported by substantial evidence.  As discussed above, Dr. Chan identified the clinical findings and diagnostic evidence supporting his diagnoses, and stated that his opinions concerning Claimant's functional limitations are "reasonably consistent" with Claimant's physical impairments identified in the Assessment.  R. 420-21, 426.  In light of the foregoing, the Court cannot discern any substantive basis for the ALJ's conclusory finding that the opinions in Dr. Chan's Assessment were derived from Claimant's complaints of pain and desire not to work.[4]  For example, the Assessment contains no mention of Plaintiff's desire not to work.  *See* R. 420-27.  Accordingly, the Court finds that the ALJ's sole reason for assigning little weight to Dr. Chan's Assessment, which contains functional limitations more severe than those contained in the ALJ's RFC determination, is conclusory and not supported by substantial evidence.  *See Anderson v. Astrue*, Case No. 3:12-cv-308-J-JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013) (the ALJ must do more than recite a good cause reason to reject a treating physician's opinion and must articulate evidence supporting that reason); *see also Poplardo v. Astrue*, Case No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating physician's opinion requires remand); *Paltan v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").  As a result, the

---

[4] The ALJ's reason for assigning the Assessment little weight appears to stem from the letters Dr. Chan authored (some at Claimant's behest) concerning Claimant's impairments and inability to work.  R. 372, 429, 443-44.  The ALJ understandably assigned each of these letters little weight because they are "unsupported, conclusory, and appear to parrot the claimant's subjective allegations."  R. 24-25.  The Assessment, however, contains much more detail and support for Dr. Chan's opinions concerning Claimant's functional limitations.  *Compare* R. 420-27 *with* R. 372, 429, 443-44.

Commissioner's decision must be reversed.[5]

Since reversal is necessary, the Court must address Claimant's bald request that the case be remanded for an award of benefits. Doc. No. 12 at 17.[6] Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *see Walden*, 672 F.2d at 840. Here, reversal is due to the lack of substantial evidence supporting the ALJ's reason for assigning Dr. Chan's Assessment less than substantial or considerable weight. Neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice. Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

### III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 18, 2015.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[5] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

[6] Claimant devotes no portion of her brief to her request that the case be remanded for an award of benefits. *See* Doc. No. 12. Instead, Claimant simply includes a request that the case be remanded for an award of benefits in the conclusion of her brief. *Id.* at 17.

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Jessica Inouye
SSA ODAR
Chicago NHC
15th Floor
200 West Adams
Chicago, IL 60606